carried out his burden, you must render a verdict in his favor. If, however, you find that the plaintiff has not proved that his race played a role in the defendant's decision, you must return a verdict in favor of the defendant.

## ELEMENTS OF A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff claims that as a result of the defendant's actions, he suffered negligent infliction of emotional distress. To recover under this theory, plaintiff must prove to you (1) that the defendant should have realized that their conduct involved an unreasonable risk of causing him emotional distress, and (2) from the facts known to the defendant, it should have realized that the distress, if proved, might result in illness or bodily harm.

The first question here is whether the defendant's conduct, in view of all the circumstances, was unreasonable. That is, did it transgress the bounds of socially tolerable behavior? You will consider all of the facts and make this determination. If you find that it was not unreasonable, you will find for the defendants on this count of the Complaint. If you find that it was unreasonable you will ask yourself whether the defendant's conduct was so egregious that they should have realized that it involved an unreasonable risk of causing the plaintiff emotional distress. It is not enough for the plaintiff to show that there was some risk of causing him distress, however remote. He must prove to you that it was unreasonable risk. Again, if you find for the defendant on this question, you will find for them on the allegation. If you find for the plaintiff on this question, you must consider whether, from the facts known to the defendant, they should have realized that any such distress might have resulted into illness or bodily harm to the plaintiff. In other words, the stress must be of a serious nature. It

21

must be more than the usual feelings, however, bad or unpleasant, that people experience in everyday life.

You will find in favor of the plaintiff on this count only if you find in his favor on each of these questions.

Collins v. Gulf Oil, Supp. 1519, 1523 (D. Conn. 1985)

Parsons v. United Technologies Corp., 243 Conn. 66, 88-9 (1997)

Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 341 (1978)

## ELEMENTS OF A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In order for the plaintiff to prevail on his claim for intentional infliction of emotional distress, he must prove by a preponderance of the evidence four elements: (1) that the defendant intended to inflict emotional distress or they knew or should have known that the emotional distress was a likely result of it's conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Only if the plaintiff satisfies his burden of proof on all four of those issues may you return a plaintiff's verdict. Peytan v. Ellis, 200 Conn. 243, 253 (1986).

When I use the terms "extreme" and "outrageous," I mean that the defendant's conduct must have exceeded all bounds usually tolerated by a decent society. To find for the plaintiff, the extreme and outrageous conduct of the defendant must have been so extreme, in your judgment, as to go beyond all possible bounds of decency and to be regarded as

22

atrocious and utterly intolerable in civilized community. It might also be helpful in your evaluation of the defendant's conduct to be aware that the courts of this and other states have defined extreme and outrageous conduct as:

(1) "Conduct considerably more egregious than that experienced in the rough and tumble of everyday life; Whelan v. Whelan, 41 Conn. Supp. 519, 522 (1991);

(2) [I]ntentional actions wholly lacking in social utility." Lucas v. Firine, 1993, Conn. Super. LEXIS 1777, NO. 920335703 at *2 (internal citations omitted);

(3) [Having] either [a] natural tendency to have an *extraordinarily* negative effect upon the emotional well-being of any person who is exposed or subjected to it or [having a] known special tendency, appreciated in advance by the defendant, to have such an effect upon the plaintiff." Scandura v. Friendly Ice Cream Corp., 1996 Conn. Super LEXIS 1642, No. 930529109S at *6-7 (emphasis added);

(4) Conduct that "shocks the conscience." Valencia v. Saint Francis Hospital and Medical Center, 1996 Conn. Super. LEXIS 894. No. 940538867S at *23 (Internal citations omitted); and

(5) Possibly "aris[ing] arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." Mellaly v. Eastman Kodak Co., 42 Conn. Supp. 17 (1991); See also Erickson v. Christenson, 99 Ore. 104, 106 (1989) (Court found character of defendant's relationship [as pastor] with the plaintiff as relevant both to the degree of culpability and to whether his conduct was so offensive as to be outrageous, finding that because the plaintiff alleged a

23

confidential relationship, proof of her other allegations would permit the jury to infer that defendant's actions [alleged sexual abuse] exceeded the limits of social toleration).

**BURDEN OF PROOF**

The plaintiff has the burden of proving each and every element of his claim, i.e. intentional infliction of emotional distress by a preponderance of the evidence. If you find that any one of the elements of the plaintiff's claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

What "preponderance of the evidence" means is the better, the weightier evidence, the more persuasive evidence. Therefore, the plaintiff must satisfy you that the better or weightier evidence proves his position, otherwise he has not met the burden of proving his claim. If on any issue you find that the evidence is evenly balanced, so that you cannot say that it inclines one way or the other, then on that issue your decision must be against the plaintiff, because in that situation you will have concluded that there was not proof by a preponderance of the evidence.

To summarize, in order to prevail on his claim for intentional infliction of emotional distress against the defendant, the plaintiff must prove by a preponderance of the evidence four essential elements. First, that the defendant intended to inflict emotional distress or they knew or should have known that emotional distress was a likely result of their conduct. Second, that the defendant's conduct was extreme and outrageous. Third, that the defendant conduct was the cause of the plaintiff's distress. Fourth, that the emotional distress sustained by the plaintiff was severe. That issue must be proved by a preponderance of the evidence. If

24

the plaintiff fails to prove any of these four elements by a preponderance of the evidence, then you must return a verdict for the defendant.

## COMPENSATORY DAMAGES

If you find defendant discriminated against plaintiff Mr. Martin based on [his] race and/or color then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that the plaintiff proves were caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation -- no more and no less.

If you find that the defendant acted unlawfully, plaintiff is entitled to the back pay [he] would have earned if the defendant had unlawfully acted against him. This amount consists of the wages and employee benefits the plaintiff would have received from the date of [insert allegedly unlawful act) to the date of trial.

From this amount, you should subtract the total amount plaintiff has earned during the same period, in wages, earnings, or other income and benefits. If the plaintiff failed to make reasonable efforts to find work, you should subtract any amount plaintiff could have earned during this period. You may award compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, and mental anguish if you find these were caused by defendant's allegedly illegal acts.

An award of future damages necessarily requires that monetary payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present value or worth, in dollars, such future damages.

25

If you award damages for loss of future earnings consider two particular factors:

One:  You must reduce any ward by the amount of the expenses that the plaintiff would have incurred in making those earnings.

Two:  You must reduce any award to its present value by considering the interest that the plaintiff could earn on the amount of the award if [he] make relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if [he] receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of the defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded to the plaintiff.

"Compensatory damages" means what the plain meaning of the words suggest – namely the damages necessary to compensate the plaintiff for the injury said to have been inflicted by the defendants. The plaintiff has made a claim for loss wages, past, present and future, as well as emotional distress damages.

Included within this figure must be proper compensation for:

26

(a) lost wages; and

(b) the emotional harm to the plaintiff during and after the subject treatment, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future.

In awarding compensatory damages, the issue of attorney fees in this case is not for your consideration. If appropriate, this is a matter for the Court's attention. <u>Smith v. Wade,</u> 461 US 30 (1983).

## PUNITIVE DAMAGES

If you find defendant intentionally discriminated against plaintiff, the law allows you, but does not require you, to award punitive damages.

The purpose of an award of punitive damages is, first to punish a wrongdoer for misconduct, and second, to warn others against doing the same.

In this case you may award punitive damages if you find that defendant engaged in a discriminatory practice or practices with malice or reckless in difference to the rights of plaintiff to be free from such intentional discrimination in employment.

If you determine that the defendant's conduct justifies an award of punitive damages, you may award an amount of punitive which all jurors agree is proper in fixing the amount, you should consider the following questions how offensive was the conduct? Does the amount of punitive damages have a reasonable relationship to the actual damages awarded?

27

If you do award punitive damages, you should fix the amount using the calm discretion and sound reason. You must not be influenced by sympathy for or dislike of any party in the case.

### Defendant:

SECTION I:  OPENING INSTRUCTIONS

**MEMBERS OF THE JURY:**

Now that the evidence in this case has been presented, the time has come for me to instruct you on the law. My instructions will be in three parts: First, some instructions on general rules that define and control the role of the court and the duty of the jury in a civil case; second, instructions that define the issues in this case and set out the specific questions of fact that you must answer from the evidence that has been introduced at trial; and third, some rules and guidelines for your deliberations. You have been provided with a copy of my instructions so that you can read along as we go.

Before we begin, I ask you to review the other document that has been placed on each of your seats – namely, the verdict form. When we conclude these instructions and you leave to deliberate, you will have with you the original of the verdict form along with the exhibit admitted in this case. At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

For the moment, your brief review of this document will help you to better understand my instructions and the tasks you will perform when you deliberate.

SECTION II:  GENERAL INSTRUCTIONS

**A.     ROLE OF THE COURT**

28

As Judge, I perform basically two functions during the trial.  <u>First</u>, I decide what evidence is admissible for your consideration.  You have heard me doing that throughout the trial.  <u>Second</u>, I instruct you on the law that you are to apply to the facts.  I gave you some preliminary instructions before trial began, and some during the course of the trial when that was necessary, but it is now – at the close of the evidence – that most of the instructions are given.

If any lawyer has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

## B.    INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

If I repeat or state in varying ways any rule, idea or direction in these instructions, it does not mean that I intend to emphasize that rule, idea or direction.  You should not assume from its repetition that I do mean to emphasize it.  You should not single out any one part of my instructions and ignore the rest.  Instead, you should consider all of the various instructions as a whole and consider each one in light of all the others.  Moreover, the order in which I give you instructions in no way indicates their relative importance.  And you must not read into these instructions, or into anything I have said or done, any suggestion from me as to what verdict you should return – that is a matter entirely up to you.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, it is what I say here, on the record, that you are to understand as the proper instructions.  That is to say that, if there is any variance between what is written on these pages and what I say, it is what I say to you that controls.

## C.    COURT'S REFERENCES TO THE EVIDENCE

29

During these instructions, it may be necessary for me to refer to some of the evidence that has been placed before you. Should I refer to any of the evidence, it will be simply for the purposes of illustration and clarification, and you are not to understand that I intend to emphasize any evidence thereby, or to limit your attention to it. If I omit any evidence, you will apply it from your recollection, and if I incorrectly state any of the evidence, you will correct my error, because it is your duty – and yours alone – to review the evidence and determine the facts established by it.

**D.    BOTH SIDES ENTITLED TO FULL AND FAIR HEARING**

After you have considered the evidence in this case and discussed the case with your fellow jurors, and considered the law as given in these instructions, you may or may not believe the claims asserted by the plaintiff or the defenses asserted by the defendant. As I have indicated before, the determination of the facts in this case is your responsibility alone.

Regardless of your ultimate determination as to the merits of the plaintiff's claims, all the parties in this case are entitled to a full and fair hearing. You must remember that one of the most important functions of our system is to give people who believe that they are aggrieved, as well as people who are sued, a full and fair hearing, regardless of the final outcome of the case.

It is your duty, therefore, to give careful consideration to every issue in these instructions, regardless of any general impression that you may have about the merit or lack of merit of the claims of the Plaintiff.

**E.    OBJECTIONS AND RULINGS**

30

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which shows prejudice against an attorney or his client because the attorney has made an objection – or because the attorney has failed to make an objection.

Upon allowing testimony or other evidence to be introduced over the objection of a lawyer – that is, in overruling a lawyer's objection – the Court does not, unless expressly stated, indicate any opinion as to the weight of or effect on the credibility of all witnesses and the weight and effect of all evidence.

If during the course of the trial the Court has sustained an objection to a question addressed to a witness, or has granted a motion to strike, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer any question.

## F:   DUTIES OF THE JURY

In defining the duties of the jury, let me first give you a few general rules:

It is your duty to find the facts from all the evidence in the case.  To the facts as you find them, you must apply the law.  You must apply the law as I give it to you, whether you agree with it or not.  And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies.  In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you.  If after careful consideration of the evidence, using such time as is appropriate, you are divided in any way – even if only one of you disagrees with the majority – the court would consider whether

31

the result should be no verdict or, as we say colloquially, a "hung jury." In that event, the court declares a mistrial and another trial may be held in due course.

You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

### G. "PROVE" AND "FIND"

Throughout the remainder of my instructions to you, I will use the word "prove" from time to time, with reference to the plaintiff's burden. I shall also speak of your "finding" various facts as to the elements of the claims made in this case.

Throughout my instructions, you should understand that whenever I say that the plaintiff has to "prove" a fact to you, I mean that he has to prove that fact to you by the appropriate burden of proof, as I will explain that term to you. You are to understand my use of the word "prove" to mean "prove by the appropriate burden of proof," even if I do not always repeat those exact words.

Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff, you must find that fact to have been proved by the plaintiff by the appropriate burden of proof as I will explain that term to you, even if I simply use the word "find."

### H. BURDEN OF PROOF

I will now explain to you the meaning of the phrase "burden of proof." The case before you is a civil action, and in most civil actions – including this one – the party who asserts certain facts must prove those facts by what is described in the law as a "preponderance of the evidence."

32

Let me explain the meaning of the term "preponderance of the evidence." This rule does not require proof to an absolute certainty. Proof to an absolute certainly is seldom possible in any case. This rule does not even require proof "beyond a reasonable doubt," which would be required in criminal cases. This rule simply requires you to determine whether a fact that has been asserted is more likely to be true than to be false.

In applying this standard, you may find it helpful to ask yourselves what would happen if the evidence presented by both sides were placed on an imaginary pair of scales. If you find that the evidence concerning a particular issue would tip the scale in favor of the defendants, you must conclude that the plaintiff has failed to meet his burden of proof on that issue. Moreover, if you find that the evidence on a particular issue would cause the scales to strike an even balance – not tipping in favor of either party – you must also find that the plaintiff has failed to meet his burden of proof on that issue. But if you find that the evidence on a particular issue would cause the scales to tip even slightly in favor of the plaintiff, then you must find that the plaintiff has successfully met his burden of proof on that issue. In other words, the plaintiff has proved a fact by a preponderance of the evidence.

In determining whether any fact in dispute has been proved by the applicable burden of proof, you should consider the testimony of all witnesses and all exhibits received in evidence, regardless of who may have introduced them.

SECTION III:  DAMAGES

If you find that the defendant is liable to the plaintiff under his constitutional claim, you must then determine the amount of damages due to the plaintiff. Just because I instruct

33

you on damages does not mean that you must award damages, or that I have an opinion as to whether you should award damages.

## 1.     Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation. If you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonable and fairly compensate him for any harm. To do so though, the wrongful conduct of the defendants you have found liable must have been a substantial factor in bringing about such harm. These damages, then are known as compensatory damages. Compensatory damages seek to make the plaintiff whole or to compensate him for the damages that he has suffered.

In order to award damages for a given injury or harm, you must determine that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was caused by the defendants' unlawful acts. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

In determining compensatory damages, you should consider the emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress, pain, suffering, personal indignity, fear, anxiety, or anguish which the plaintiff in the past suffered or which he will, with reasonable certainty, suffer in the future. You may not, however, award as a component of damages any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff. This issue will be dealt with in a separate proceeding.

No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing any

34

compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial. The damages you award should be proportional to the actual loss sustained.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**2.      Nominal Damages**

If you find, after considering all of the evidence presented that the plaintiff was deprived of his constitutional rights, but suffered no injury as a result, you must award him "nominal damages." Nominal damages are awarded as recognition that the plaintiff's rights have been violated. You award nominal damages if you conclude that the only injury that the plaintiff suffered was the deprivation of his rights without any resulting compensatory damage.

In this case, you may **NOT** award both nominal and compensatory damages to the plaintiff for any one constitutional claim. If you find that a constitutional claim exists against the defendant, either the Plaintiff suffered injuries that were legally, or proximately, caused by the defendant, in which case you must award compensatory damages, or the Plaintiff did not suffer injuries proximately caused from the conduct, in which case you must award nominal damages, such as ten dollars.

35

### 3.     Punitive Damages

In addition to awarding compensatory damages to a plaintiff, the law permits the jury under certain circumstances to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as a warning to others not to engage in such conduct. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

I further instruct you that the defendant Town of Westport is absolutely immune from punitive damages.

## B.     *ATTORNEY'S FEES SHOULD NOT BE CONSIDERED IN A DAMAGES CALCULATION*

I want to reiterate one more point I made about damages. Should you decide to award damages of any kind for any of the plaintiff's claims, you should not consider or include the attorneys' fees incurred by the plaintiff in bringing this action.

## SECTION IV:  INSTRUCTIONS FOR DELIBERATIONS

## A.     THREE FORMS OF EVIDENCE

Next I want to discuss with you generally what we mean by evidence and how you should consider it.

The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

36

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find.

**B.     STIPULATIONS OF FACTS**

While we were hearing evidence, you were told that the plaintiff and the defendant agreed or "stipulated" to certain facts. This means simply that they both accept this fact. There is no need for evidence by either side on those points. You must accept those stipulations as facts that have been conclusively proved, even though nothing more was said about them one way or the other.

**C.     WHAT IS NOT EVIDENCE**

Certain things are not evidence and are to be disregarded in deciding what the facts are:

1.     Arguments or statements by lawyers are not evidence. In this regard, you are instructed that the dollar figures advanced by counsel in arguing damages do not constitute evidence but merely represent argument that you are free to disregard in your deliberations should you reach the issue of damages.

2.     The questions to the witnesses are not evidence. They may be considered only to give meaning to the witnesses' answer.

3.     Objections to questions and arguments are not evidence. Attorneys have a duty to their client to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection was

sustained, you should ignore the question; if the objection was overruled, you should treat the answer like any other answer.

4.    Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded.

5.    Anything you may have seen or heard outside the courtroom is not evidence. You are to decide the case solely on the evidence offered and received in the trial.

**D.    DIRECT AND CIRCUMSTANTIAL EVIDENCE**

I have told you about the three forms in which evidence comes:  testimony, exhibits, and stipulations.  There are two kinds of evidence:  direct evidence and circumstantial evidence.

Direct evidence is direct proof of a fact, such as testimony of any eyewitness.

Circumstantial evidence is proof of a chain of circumstances from which you could infer or conclude that a fact exists, even though it has not been proved directly.  You are entitled to consider both kinds of evidence.

The work "infer" – or the expression "to draw an inference" – means to find that a fact exists based on proof of another fact.  For example, if you see water on the street, sidewalks and yard outside your window, you could infer that it has rained.

In other words, the fact of rain is an inference that could be drawn from the presence of water on the street.  An inference may be drawn only if it is reasonable and logical, not if it is speculative.  Other facts may, however, explain the presence of water without rain.  Therefore, in deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience.  You are not to speculate or guess.

38

After you have done that, the question whether to draw a particular inference is for you, the jury, to decide.

As a general rule, the law makes no distinction between direct and circumstantial evidence. Neither is necessarily superior to the other.

You are to consider only the evidence in this case. However, in your consideration of that evidence, you are not limited to the plain statements of the witnesses. On the contrary, you are permitted to draw from facts that you find to have been proved (as I explained that term to you) such reasonable and logical inferences as seem justified in the light of your experience.

Much of the evidence you have heard in this action has been what the law calls circumstantial evidence. Unlike direct evidence, such as the testimony of eyewitnesses, circumstantial evidence seeks to have you infer from the circumstances surrounding a fact or an occurrence that some other fact or occurrence is more likely to have existed or occurred than not. In considering such evidence you must bear in mind that the defendant's liability cannot be based on mere speculation, guess or conjecture. The circumstances must justify an inference of probability, as distinguished from mere possibility.

## E.    DECIDING WHAT TESTIMONY TO BELIEVE

You will recall that at the beginning of the trial, I stated for you certain principles so that you could have them in mind as the trial progressed. Briefly, they were these: that you are bound to accept the law of the case as I give it to you, whether or not you agree with it; you must not infer from my rulings or anything I have said during the trial that I hold any views for or against any party to this lawsuit, my view being completely irrelevant to your

determination; you may not draw any inference from an unanswered question nor consider testimony which has been stricken in reaching your conclusion; in deciding what weight to give to any witnesses' testimony, you must consider that testimony as a whole; and in deciding the degree of weight you choose to give to the testimony of any particular witness, there is no magical formula which can be used.

The tests used in your everyday affairs to determine the reliability or unreliability of statements made to you by others are the tests applied in your deliberations. Among the items to be taken into consideration in determining the weight you will assign to the testimony of a witness are the interest or lack of interest of the witness in the outcome of the case, the bias or prejudice of the witness, if there by any; the age, the appearance, the manner of the witness as he or she gives testimony from the stand; the opportunity that the witness had to observe the facts concerning which he testified; and the probability or improbability of the witness' testimony when viewed in the light of all the other evidence in the case. If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is quite likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of his testimony as you deem true and disregard what you feel is false.

By the process which I have just described to you, you, as the sole judges of the facts, determine which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

**F.     JURY BIAS**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, sexuality, age, wealth, lifestyle, or other features of the parties. It also would be improper for you to allow any feelings you might have about the nature of the claims against the defendant to influence you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here. If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for any of the parties. Each of the parties to this case must be regarded as equals by you. This is the agreement you made when you were selected as jurors and it is the position that must guide your deliberations.

**SECTION VI:  THIS CASE**

**A.     TITLE VII CLAIM, CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**

Title VII forbids an employer from intentionally discriminating against an employee with respect to an employee's compensation, terms, conditions or privileges of employment because of that employee's "race, color, religion, sex or national origin." See 42 U.S.C. §2000e-2(a). A claim of disparate treatment under Title VII is analyzed under the burden shifting paradigm set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Under this paradigm, the plaintiff has the initial burden of production to establish that he was treated differently than his Caucasian counterparts in those elements prescribed by the statute.

41

In order to establish a *prima facie* case of disparate treatment, the plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) said adverse employment action occurred under circumstances giving rise to an inference of discrimination. See Shumway v. United Parcel Serv. Inc., 118 F.3d 60 (2nd Cir. 1997); McDonnell Douglas, 411 U.S. at 802. The plaintiff bears the burden of "offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act." International Brotherhood of Teamsters v. United States, 431 U.S. 324, 358 (1997).

If the plaintiff can establish a *prima facie* case of discrimination, then the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. See McDonnell Douglas, 411 U.S. at 802. The employer satisfies its burden if the reason asserted "taken as true" would permit the conclusion that there was a non-discriminatory reason for the adverse action. See Abdu-Brisson v. Delta Airlines, 239 F.3d 456, 469 (2nd Cir. 2001). Once the employer has set forth a legitimate, non-discriminatory reason for its action, then the burden "returns to the plaintiff, who ultimately must establish by a preponderance of the evidence that the non-discriminatory reasons proffered by the defendant are a pretext for discrimination." Lopez v. Metropolitan Life Ins. Co., 930 F.2d 157 (2nd Cir. 1991). To show pretext, the plaintiff must either persuade the Court that the employer was motivated by an unlawful animus (i.e. racial bias) or that the employer's explanation is unworthy of credence. See Texas Dept of Community Affairs v. Burdine, 450 U.S. 248 (1981); see also, Reeves v. Sanderson Plumbing Inc., 530 U.S. 133 (2000).

42

Other evidence that may be relevant to any showing of pretext includes facts as to the petitioner's treatment of respondent during his prior term of employment; petitioner's reaction, if any, to respondent's legitimate civil rights activities; and petitioner's general policy and practice with respect to minority employment. [fn18]. On the latter point, statistics as to petitioner's employment policy and practice may be helpful to a determination of whether petitioner's refusal to rehire respondent in this case conformed to a general pattern of discrimination against blacks. *Jones* v. *Lee Way Motor Freight, Inc.,* 431 F.2d 245 (CA10 1970); Blumrosen, Strangers in Paradise: *Griggs* v. *Duke Power Co.,* and the Concept of Employment Discrimination, 71 Mich. L. Rev. 59, 91-94 (1972). [fn19]. In short, on the retrial respondent must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a coverup for a racially discriminatory decision.

As to Mr. Martin's CFEPA claim against the Town, the Connecticut Supreme Court has held that Connecticut anti-discrimination statutes are "coextensive with [Title VII], "*Brittell* v. *Dep't of Corr.,* 247 Conn. 148, 164 (1998); *see Arnold* v. *Yale New Haven Hosp.,* 213 F. Supp. 2d 142, 151 (D.Conn. 2002).

**B.      THIS CASE**

In the present case the plaintiff has alleged the defendant took one adverse employment action against as a result of his race. On the other hand, the defendants assert the action was taken because the plaintiff was physically incapable of performing all of his job requirements. In the present case, the plaintiff has established his *prime facie* case under Title VII. However, the defendant has offered a legitimate reason in response. Therefore, in order

43

for the plaintiff to establish a Title VII violation, it is his burden to prove, by a preponderance of the evidence, that the defendants' stated reason for discharging plaintiff, that he was physically incapable of performing his job requirements, was in fact pretexutal.  The plaintiff must show, by competent evidence, that the reasons for his discharge were in fact a cover-up for a racially discriminatory decision, that is, the reasons offered by the defendants were not true, but a pretext for discrimination.  In making this determination you may consider: (1) whether others who were similarly situated as plaintiff, were treated differently; (2) the defendants' treatment of the plaintiff during the prior term of employment; (3) and the defendant's general policy and practice with respect to minority employment.

**12 - PROPOSED VERDICT FORM:**

### Plaintiff's Proposed Verdict Form:

The Jury Must Unanimously Agree on the Answers to All of the Questions

1.  Has the plaintiff Mr. Martin proved that plaintiff's race and color was more likely than not, a motivating factor in the decision of defendant to forbid plaintiff to work and/or terminated his employment?

    YES _____        NO _____

    If the answer to Question No. 1 is "YES", then go to Question No. 2. If your answer to Question No. 1 is "NO", the Foreperson should sign the form of verdict and you should not answer any more questions.

2.  Has defendant proved, more likely than not that the defendant would have made the same employment decision concerning plaintiff even in unlawful motive, namely plaintiff's race and color was not present?

YES _____        NO _____

If your answer to Question No. 2 is "NO", then go to Question No. 3. If your answer to question No. 2 is "YES", the Foreperson should sign the form of verdict and you should not answer any more questions.

3.    Under the law as given to you in these instructions, state the amount of compensatory damages plaintiff should be awarded from defendant.

AMOUNT:    $_____

Go to Question No. 4.

**Defendants Proposed Verdict Form**

Defendant will supply verdict form.

## 13 - ISSUES BEFORE THE COURT:

1 – Whether Mr. Martin was or was not discriminated against and treated differently due to his race and color when the defendant Town of Westport forbade him from work on May 1, 2001 and whether such treatment or actions were in violation of his constitutional rights, his rights under Title VII and CFEPA (Connecticut Fair Employment Practice Act).

2 – Whether Mr. Martin was or was not similarly situated to the white employees and whether Mr. Martin was or was not accorded less favorable treatment then the white employees.

## 14 – ANTICIPATED EVIDENTIARY PROBLEMS:

None as yet.

45

As officers of the court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF
ROBERT E. MARTIN, JR.

Date: 10|1|04          BY: _____

IKECHUKWU UMEUGO
HIS ATTORNEY
UMEUGO & ASSOCIATES, P.C
620 BOSTON POST ROAD
P.O. BOX 23673
WEST HAVEN, CT 06516
Phone: (203) 931-2680
Fax: 203-931-2682
Email: umeugoand.associates@snet.net
Fed. Bar#Ct. 04536


THE DEFENDANT
TOWN OF WESTPORT

Date: 9|30|04          BY: _____

MICHAEL J. ROSE, ESQ.
HOWD & LUDORF
65 WETHERSFIELD AVE.
HARTFORD, CT 06114-1190
Phone: (860) 249-1361
Fax: (860) 249-7665
Email: mrose@hl-law.com
Fed. Bar#Ct.14803

## **CERTIFICATION**

This is to certify that on this 1st day of October 2004, a copy of the foregoing was

mailed on the date hereof to Attorney Michael J. Rose, c/o Howd & Ludorf, 65 Wethersfield

Avenue, Hartford, Connecticut 06114.

_____
Ikechukwu Umeugo, Esq.
Commissioner of the Superior Court