UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT E. MARTIN, Jr., | : | NO.:  3:02-CV-1395 (MRK) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WESTPORT AND | : | |
| STEPHEN EDWARDS, | : | |
| Defendants | : | OCTOBER  25, 2004 |

<u>**MOTION IN LIMINE**</u>

Pursuant to Federal Rules of Evidence 401 and 402, the defendants, **Town of Westport** and **Stephen Edwards**, respectfully request that the Court preclude the introduction of any evidence of retaliation.  The plaintiff may attempt to introduce evidence that the facts which constitute this lawsuit are retaliation against him because he filed and lost a prior lawsuit.  Any evidence of retaliation is not relevant because the plaintiff failed to plead a claim of retaliation in his complaint that forms the basis of this lawsuit.

The plaintiff in this case filed a prior lawsuit against the Town of Westport alleging discrimination in or about 1999.  In 2001, the jury returned a verdict for the defendants in that matter.  The plaintiff appealed the jury verdict.  The plaintiff lost his appeal.  On January 23, 2001, there is an entry of judgment for the defendants.  Any attempt by the plaintiff to introduce any evidence of retaliation by the defendants for

ORAL ARGUMENT IS REQUESTED

his prior lawsuit should be barred because the plaintiff does not have a claim for retaliation in his complaint.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." See, FED. R. EVID. 401 and 402.

Any attempt by the plaintiff to introduce evidence of retaliation must be precluded by the Court because it is not relevant. No claim for retaliation was pled or exists in this case. Therefore, any evidence of retaliation does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence which is not relevant is not admissible.

Pursuant to Rule 8 of the Fed. R. Civ. P., the plaintiff is required to set forth a claim for relief which sets out (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for relief the pleader seeks. See, Rule 8, Fed. R. Civ. P. The plaintiff has not pled a claim for

2

retaliation.  The plaintiff is precluded from offering any evidence of retaliation because it is not relevant evidence.  The only remaining claim for trial after the ruling on the defendants' motion for summary judgment is the plaintiff's claims of race discrimination both under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act.  See, Judge Kravitz's Memorandum of Decision regarding motion for summary judgment.

Because any evidence of retaliation for the plaintiff's prior lawsuit is not relevant and has not been claimed in his complaint, the court should rule in limine that the evidence is inadmissible.

DEFENDANTS,
TOWN OF WESTPORT AND
STEPHEN EDWARDS


By   /s/ Michael J. Rose_____
     Michael J. Rose [ct14803]
     Howd & Ludorf
     65 Wethersfield Avenue
     Hartford, CT  06114
     Phone:  (860) 249-1361
     Fax:  (860) 249-7665
     E-Mail:  mrose@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 25th day of October, 2004.

Ikechukwu Umeugo, Esquire
Umeugo & Associates, P.C.
620 Boston Post Road
PO Box 26373
West Haven, CT  06516


  /s/ Michael J. Rose
Michael J. Rose