FILED

Oct 26  4 27 PM '04

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT E. MARTIN, Jr., <br> Plaintiff | : <br> : <br> : | NO.: 3:02-CV-1395 (MRK) |
| v. | : <br> : | |
| TOWN OF WESTPORT AND <br> STEPHEN EDWARDS, <br> Defendants | : <br> : <br> : | OCTOBER 22, 2004 |

## MOTION IN LIMINE

Pursuant to Federal Rule of Evidence 802, the defendants, **Town of Westport and Stephen Edwards**, respectfully request that the Court preclude the introduction of eyewitness signed statements that Mr. Martin's employment was terminated and/or that he was forbidden to work on May 1, 2001.

The eyewitness signed statements constitute hearsay to which no exception applies. See, FED. R. EVID. 802, 803 and 804. The documents are clearly being offered to prove the truth of the matter asserted.

"Hearsay is an out-of-court statement offered into evidence to establish the truth of the matters contained therein." (Internal quotation marks omitted.) State v. Duntz, 223 Conn. 207, 232, 613 A.2d 224 (1992). "As a general rule, hearsay evidence is not admissible unless it falls under one of several well established exceptions." State v. Oquendo, 223 Conn. 635, 664, 613 A.2d 1300 (1992). If such

ORAL ARGUMENT IS REQUESTED

evidence is offered to establish the truth of statements contained therein, the burden is on the proponent of the evidence, upon timely objection, to establish that the evidence is admissible.

"The purpose behind the hearsay rule is to effectuate "the policy of requiring that testimony be given in open court, under oath, and subject to cross-examination." 2 C. McCormick, Evidence (4th Ed.) § 253.

The "residual," or "catch-all," exception to the hearsay rule allows a trial court to admit hearsay evidence not admissible under any of the established exceptions if: (1) there is "a reasonable necessity for the admission of the statement," and (2) the statement is "supported by the equivalent guarantees of reliability and trustworthiness essential to other evidence admitted under the traditional hearsay exceptions."" *State v. Oquendo*, supra, 223 Conn. 664; see, also, *State v. Stepney*, 191 Conn. 233, 249-50, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S.Ct. 1455, 79 L.Ed.2d 772 (1984). "We have stated that "the necessity requirement is met when, unless the hearsay statement is admitted, the facts it contains may be lost, either because the declarant is dead or otherwise unavailable, or because the assertion is of such a nature that evidence of the same value cannot be obtained from the same or other sources."" *State v. Oquendo*, supra, 665; see, also, *State v. Frye*, 182 Conn. 476, 480, 438 A.2d 735 (1980) ("necessity factor . . . is reflected in the prerequisite that the declarant be unavailable"). "The moving party has the burden of proving the declarant's unavailability." *State v. Frye*, supra, 480.

In this case, the plaintiff has failed to demonstrate unavailability of the witness,

2

pursuant to FED. R. EVID. 804. Moreover, the exceptions contained within FED. R. EVID. 803 do not apply to the witness's statements. The statements are not a present sense impression (FED. R. EVID. 803(1)), an excited utterance FED. R. EVID. 803(2)), a business record (FED. R. EVID. 803(6)), or any other exception applicable under Rule 803.

Because the documents are being offered purely to prove the truth of the matter asserted, and because no exception to the hearsay rule applies, the Court should rule in limine that the document is inadmissible absent a showing of unavailability of the witness.

>DEFENDANTS,
>TOWN OF WESTPORT AND
>STEPHEN EDWARDS
>
>By_____
>Michael J. Rose [ct14803]
>Howd & Ludorf
>65 Wethersfield Avenue
>Hartford, CT 06114
>Phone: (860) 249-1361
>Fax: (860) 249-7665
>E-Mail: mrose@hl-law.com

3

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 25th day of October, 2004.

Ikechukwu Umeugo, Esquire
Umeugo & Associates, P.C.
620 Boston Post Road
PO Box 26373
West Haven, CT  06516

_____
Michael J. Rose
Martha A. Shaw
Alexandria L. Voccio