UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT E. MARTIN, Jr., | : | NO.: 3:02-CV-1395 (MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WESTPORT AND | : | |
| STEPHEN EDWARDS, | : | |
|     Defendants | : | NOVEMBER 12, 2004 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED JURY CHARGE**

    The defendant, Town of Westport, objects to the plaintiff's proposed jury charge labeled Civil Rights Act. The basis for our objection is that the proposed jury instruction labeled Civil Rights Act is an incorrect statement of the law concerning Title VII and CFEPA claims. The defendant suggests the following alternative.

    Title VII forbids an employer from intentionally discriminating against an employee with respect to an employee's compensation, terms, conditions or privileges of employment because of that employee's "race, color, religion, sex or national origin." See 42 U.S.C. §2000e-2(a). A claim of disparate treatment under Title VII is analyzed under the burden shifting paradigm set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this paradigm, the plaintiff has the initial burden of production to establish that he was treated differently than his Caucasian counterparts

ORAL ARGUMENT IS NOT REQUESTED

in those elements prescribed by the statute.  In order to establish a *prima facie* case of disparate treatment, the plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) said adverse employment action occurred under circumstances giving rise to an inference of discrimination.  See Shumway v. United Parcel Serv. Inc., 118 F.3d 60 (2nd Cir. 1997); McDonnell Douglas, 411 U.S. at 802.  The plaintiff bears the burden of "offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act."  International Brotherhood of Teamsters v. United States, 431 U.S. 324, 358 (1997).

     If the plaintiff can establish a *prima facie* case of discrimination, then the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its action.  See McDonnell Douglas, 411 U.S. at 802.  The employer satisfies its burden if the reason asserted "taken as true" would permit the conclusion that there was a non-discriminatory reason for the adverse action.  See Abdu-Brisson v. Delta Airlines, 239 F.3d 456, 469 (2nd Cir. 2001).  Once the employer has set forth a legitimate, non-discriminatory reason for its action, then the burden "returns to the plaintiff, who ultimately must establish by a preponderance of the evidence that the non-discriminatory reasons proffered by the defendant are a pretext for discrimination."  Lopez v. Metropolitan Life Ins. Co., 930 F.2d 157 (2nd Cir. 1991).  To show pretext, the plaintiff must either persuade the jury that the employer was motivated by an unlawful animus (i.e. racial bias) or that the employer's explanation is unworthy of credence.

See Texas Dept of Community Affairs v. Burdine, 450 U.S. 248 (1981); see also, Reeves v. Sanderson Plumbing Inc., 530 U.S. 133 (2000).  "To demonstrate a 'pretext for discrimination,' the plaintiff must show both that the employer's stated reasons for its actions are false and that prohibited discrimination was the real reason for the employer's decision."  Martin v. Kroeger Co., 65 F. Supp. 2d 516, 547 (S.D. Tex. 1999), citing, St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993); see also, Russ v. University of Texas at San Antonio, 139 F.3d 521, 525 (5th Cir. 1998).  Pursuant to Hicks, it is not enough for the fact finder to disbelieve the employer; "the fact finder must believe the plaintiff's explanation of intentional discrimination."  Hicks, 509 U.S. at 519.

      The Connecticut courts generally look to federal employment discrimination law for guidance in enforcing its own anti-discrimination statute.  See Craine v. Trinity College, 259 Conn. 625, fn. 6, 791 A.2d 518 (2002); Levy v. Commission on Human Rights and Opportunities, 236 Conn. 96, 103, 671 A.2d 349 (1996); State v Commission on Human Rights and Opportunities, 211 Conn. 464, 469-70, 559 A.2d 1120 (1989).  As with claims under Title VII, a claim of discrimination under the Connecticut Fair Employment Practices Act is also analyzed under the *McDonnell-Douglas* burden-shifting paradigm.  See United Technologies Corp. v. CHRO, 72 Conn. App. 212, 221, 804 A.2d 1033 (2002), citing, Erisoty v. Merrow Machine Co., 34 Conn. App. 708, 710-11, 643 A.2d 898, cert. denied, 231 Conn. 908, 648 A.2d 151 (1994).

      Additionally, the defendant specifically objects to the plaintiff's proposed jury

3

charge on the bottom of page 19 of the Joint Trial Memorandum that states: "The Civil Rights Act also required that employers have a working environment void of the use of racial derogatory remarks or slurs.  The plaintiff must prove that the racial discriminatory remarks were directed at him."  The basis for our objection is that no evidence of racial remarks will be presented in this trial and therefore the charge is not relevant.  The Court has already ruled that this lawsuit deals with a limited time period, the six-month period from May 1, 2001 through October 15, 2001.  There is no evidence of racial remarks during that time period.  It is not proper to give a charge on derogatory remarks because it is not relevant.

The defendant objects to the plaintiff's proposed jury charge labeled Punitive Damages.  The basis for our objection is that the proposed jury instruction is incorrect as a matter of law.  The defendant suggests the following alternative.  It is well established that punitive damages are not recoverable against a municipality under Title VII.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

The defendant objects to the plaintiff's proposed jury charge labeled Compensatory Damages.  The basis for our objection is that the proposed jury instruction is not sufficiently limited in scope to the dates at issue in this lawsuit.  Specifically, the Court has already ruled that the plaintiff can only offer evidence of lost wages and emotional distress from May 1, 2001 through October 15, 2001.  That is not reflected in the plaintiff's proposed jury charge.  The defendant suggests the following alternative.

The purpose of the law of damages is to award, as far as possible, just and fair compensation. If you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonable and fairly compensate him for any harm. To do so though, the wrongful conduct of the defendants you have found liable must have been a substantial factor in bringing about such harm. These damages then are known as compensatory damages. Compensatory damages seek to make the plaintiff whole or to compensate him for the damages that he has suffered.

In order to award damages for a given injury or harm, you must determine that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was caused by the defendants' unlawful acts. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

In determining compensatory damages, you should consider the emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress, pain, suffering, personal indignity, fear, anxiety, or anguish which the plaintiff in suffered from May 1, 2001 through October 15, 2001. You may not, however, award as a component of damages any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff. This issue will be dealt with in a separate proceeding.

No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing any compensation to be awarded for these elements of damages.  Any award you make should be fair in light of the evidence presented at trial.  The damages you award should be proportional to the actual loss sustained.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation or guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Wherefore the parties respectfully request that the Court sustain the defendants' Objections to the Plaintiff's Proposed Jury Charge.

                DEFENDANTS,
                TOWN OF WESTPORT AND
                STEPHEN EDWARDS

                By  /s/ Michael J. Rose
                   Michael J. Rose [ct14803]
                   Howd & Ludorf
                   65 Wethersfield Avenue
                   Hartford, CT  06114
                   Phone:  (860) 249-1361
                   Fax:  (860) 249-7665
                   E-Mail:  mrose@hl-law.com

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, via fax, to the following counsel of record this 12th day of November, 2004.

Ikechukwu Umeugo, Esquire
Umeugo & Associates, P.C.
620 Boston Post Road
PO Box 26373
West Haven, CT  06516

    __/s/ Michael J. Rose_____
    Michael J. Rose