UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT E. MARTIN, Jr., | : | NO.:  3:02-CV-1395 (MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WESTPORT AND | : | |
| STEPHEN EDWARDS, | : | |
|     Defendants | : | NOVEMBER 12, 2004 |

**MOTION TO SET ASIDE JURY VERDICT AND JUDGMENT**

    Pursuant to the Federal rule of Civil procedure, the plaintiff respectfully requests the Court to set aside the Jury Verdict on November 17, 2004 and the Judgment dated November 18, 2004 for the following reasons:

    (1)    The plaintiff proved with uncontroverted facts that the plaintiff was performing his job satisfactorily as a master mechanic on May 1, 2001 when the defendant forbade him from work, ordered him to hand in his keys, removed him from the payroll and ordered him to leave the defendant's premises. The plaintiff introduced the testimony of Mr. John Gudzick and David Demace who confirmed by their life testimonies that the plaintiff Mr. Robert E. Martin was performing his job satisfactorily as Master Mechanic on May 1, 2001. As a matter of fact, Mr. Stephen Edwards, the Director of public works for the Town of Westport testified that he never observed Mr. Martin unable to perform his job as a Master Mechanic satisfactorily.

    (2)    The defendant did not obtain any medical opinion from any physician,

including the treating physician Dr. Stewart Gross on or before May 1, 2001, to establish that Mr. Martin was unable to perform his job duties as Master Mechanic before they decided to forbid him from work on May 1, 2001.

(3) The defendant's counsel in appropriately questioned the plaintiff Mr. Martin on the witness stand on his past cases filed against the Town of Westport, while the defendant counsel has already asked the Court via motion in limine to preclude such testimonies that comes within the ambit of retaliation and it was granted by the court. When the Judge asked him during Jury charge conference, why he did such inappropriate questioning he stated he did it as a strategic trial decision. The defense counsel's actions were inappropriate, they do in fact have significant impact on the Jury's decision. The defense counsel's actions were prejudicial and have no probative value.

In light of the above the plaintiff respectfully requests the Court to set aside the Jury verdict because no reasonable Jury would have found in favor of the defendant given the clear evidence that the defendant Town of Westport's aforementioned actions were a pretext for racial discrimination against the plaintiff Mr. Robert E. Martin.

        THE PLAINTIFF
        ROBERT E. MARTIN, JR.


BY:_____
    IKECHUKWU UMEUGO
    HIS ATTORNEY
    UMEUGO & ASSOCIATES, P.C
    620 BOSTON POST ROAD
    P.O. BOX 23673
    WEST HAVEN, CT 06516
    Phone: (203) 931-2680
    Fax: 203-931-2682
    Email:umeugoand.associates@snet.net
    Fed. Bar#Ct. 04536

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via Facsimile and Regular U.S. Mail to the following counsel of record this 26th day of November, 2004.

Michael J. Rose, Esquire
Christy H. Doyle, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190
Fax: 860-241-8974

                                                    Ikechukwu Umeugo, Esquire