UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT E. MARTIN, Jr.,<br>Plaintiff | NO.: 3:02-CV-1395 (MRK) |
| v. | |
| TOWN OF WESTPORT AND<br>STEPHEN EDWARDS,<br>Defendants | DECEMBER 6, 2004 |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION TO SET ASIDE THE JURY VERDICT, ENTERED ON NOVEMBER 18, 2004

The plaintiff, Robert E. Martin, Jr. ("the plaintiff"), filed this action on or about August 12, 1002 against the Town of Westport ("the Town") and Stephen Edwards (collectively, "the defendants"), alleging claims arising under Title VII of the Civil Rights Act, 42 U.S.C. § 1981 and 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as well as the Connecticut Fair Employment Practices Act and state common law. At the close of discovery, the defendants moved for summary judgment seeking an order dismissing the plaintiff's complaint in its entirety. This Court granted the defendant's motion for summary judgment with respect to all of the plaintiff's claims against the individual defendant, Stephen Edwards and the Town, with the exception of his disparate treatment race discrimination claim under Title VII and the Connecticut Fair Employment Practices Act.

With respect to that one remaining claim, the plaintiff alleged that he sustained a work-related injury in 1999. He claimed that the Town eventually discharged him and/or he was forbidden to work for a period from April 1, 2001 to October 15, 2001 on account of his race.

A two-day jury trial was held in this matter on November 16 and 17, 2004. The jury found that the plaintiff did not suffer an adverse employment action, was not subjected to disparate treatment because of his race, and there was no link between the alleged damages suffered by the plaintiff and the defendant's actions. Consequently, the jury rendered a verdict in favor of the defendants. This verdict was entered on November 18, 2004.

The plaintiff files the instant motion to "pursuant to the Federal rule [sic] of Civil Procedure" to "set aside the jury verdict;" but fails to specify the Federal Rule under which he is moving. Further, it is not clear whether the plaintiff is moving for a judgment as a matter of law and/or a new trial, pursuant to Rule 50(a) and/or 50(b), for a new trial pursuant to Rule 59(a) or for a new trial, pursuant to Rule 60.

In sum, the plaintiff contends that the verdict should be set aside because he claims that no reasonable jury would have found in favor of the defendant Town given the following evidence: (1) the plaintiff proved that he was performing his job satisfactorily as a master mechanic on May 1, 2001 when the defendant forbade him to work and (2) the defendant did not obtain any medical opinion from his physician on or before May 1, 2001 to establish that Mr. Martin was unable to perform his duties as

2

Master Mechanic before they decided to forbid him to work on May 1, 2001. Further, the plaintiff seeks to set aside the verdict, contending that defendant's counsel's questioning the plaintiff on the witness stand regarding previous discrimination claims filed against the Town was prejudicial and had no probative value. (Plaintiff's Motion to Set Aside the Jury Verdict and Judgment, p. 1-2).

For the reasons set forth below, the plaintiff's motion should be denied in its entirety, whether it is considered one brought pursuant to Rule 50, 59 or 60.

I. **To The Extent The Plaintiff's Motion Is Made Pursuant to Rule 50, That Motion Is Improper For Failure To Make Such Motion Before Submission Of The Case To The Jury**

A motion for judgment as a matter of law under Rule 50(b) should be granted only in the most extreme circumstances. The district court may enter judgment as a matter of law or, in the alternative, order a new trial, only if there is no legally significant evidentiary basis for a reasonable jury to return a particular verdict. See Fed. R. Civ. P. 50. The standard for granting a motion for judgment as a matter of law is appropriately strict. See Fed. R. Civ. P. 50(a)(1); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000); Tolbert v. Queens Coll., 242 F.3d 58, 70 (2d Cir. 2001). In considering a Rule 50 motion, the District Court is required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in her favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses

3

or substitute its judgment for that of the jury. See Broadnax v. City of New Haven, 2004 WL 491069 at * 1 (D. Conn. 2004)(Exh. 1). The court must "disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves, 530 U.S. at 150; Bartniak v. Cushman & Wakefield, Inc., 223 F. Supp.2d 524; Newtown v. Shell Oil Co., 2000 WL 49357 * 2 (D. Conn. 2000) (Exh. 2).

Rule 50 specifically requires that a judgment as a matter of law first be made prior to the submission of the case to the jury. See Fed. R. Civ. P. 50(a)(2). It is well-established that "[t]ogether, Rules 50(a) and (b) limit the grounds for judgment n.o.v. to those specifically raised in the prior motion for direct[ed] verdict." Holmes v. U.S., 85 F.3d 956, 962 (2d Cir. 1996); see also Rand-Whitney Containerboard Limited Partnership v. Town of Montville, 289 F. Supp.2d 62, 85 (D. Conn. 2003)(court holds that where the plaintiff failed to raise the sufficiency of a counterclaim in connection with its motion for a directed verdict, that argument is waived).

In the instant case, the plaintiff never moved for a directed verdict. Accordingly, he has waived any entitlement to move for a judgment as a matter of law pursuant to Rule 50. Accordingly, this Court should deny the plaintiff's motion, to the extent it is raised pursuant to Rule 50. See Walker v. Columbia University, 1999 WL 475551 (2d Cir. 1999) (Exh. 3) (because the plaintiff failed to make a motion for judgment as a matter of law, the plaintiff was not entitled to challenge the sufficiency of the evidence to support a jury verdict on appeal); see also Rand-Whitney, 289 F. Sup.2d 62; Fed. R. Civ. P. 50(a)(2).

In this case, even if the Court considers the merits of the plaintiff's motion, the jury could easily have accepted defendant's non-discriminatory reasons for the plaintiff's termination – the plaintiff was not physically able to perform the essential functions of his position, as certified by his own physician, and that plaintiff failed to prove, by a preponderance of the evidence, that the defendants' stated reason for discharging plaintiff was in fact pretextual and that discrimination was the real motivation for discharging the plaintiff. Martin v. Kroeger Co., 65 F. Supp. 2d 516, 547 (S.D. Tex. 1999), aff'd, 224 F.3d 765 (5th Cir. 2000), citing, St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993); see also, Russ v. University of Texas at San Antonio, 139 F.3d 521, 525 (5th Cir. 1998).

Accordingly, the plaintiff's motion, to the extent it is raised pursuant to Rule 50 should be denied. See Fed. R. Civ. P. 50; Broadnax, 2004 WL 491069 at * 1; Bartniak, 223 F. Supp.2d 524; Walker, 1999 WL 475551.

## II. Plaintiff Is Not Entitled To A New Trial Pursuant to Fed. R. Civ. P. 59(a).

Under Rule 59(a), a new trial may be granted following a jury trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." See Fed. R. Civ. P. 59(a). The Supreme Court has long held that "a litigant is entitled to a fair trial, not a perfect one." Lutwak v. United States, 344 U.S. 604, 619 (1953). A court should not grant a new trial "unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice."

Smith v. Lightning Bolt Productions, Inc., 861 F.2d 363, 370 (2d Cir. 1988); Broadnax, 2004 WL 491069 at * 2. Consequently, a new trial may be granted when the jury's verdict is against the weight of the evidence. A court considering a Rule 59 motion for a new trial must bear in mind that the court should only grant such a motion when the jury's verdict is "egregious." Sabir v. Jowett, 214 F. Supp.2d 226, 244 (D. Conn. 2002)(Exh. 4); *Broadnax,* 2004 WL 491069 at *2.

    In the instant matter, the fact is that the defendant demonstrated at trial that the defendant received note from the plaintiff's own physician indicating that he was not able to perform the essential functions of his position. Further, the defendant established that the plaintiff's supervisor relied on that documentation when it made the determination to preclude the plaintiff's return to work until the plaintiff was able to perform the essential functions of his position. While there was a dispute as to what constituted the essential functions of his position, that dispute precluded summary judgment at which point, all reasonable inferences must be resolved in favor of the non-moving party. See Fed. R. Civ. P. 56. At trial, it was the plaintiff's burden to prove, by the preponderance of the evidence, that the defendants' stated reason for discharging the plaintiff – that he was physically incapable of performing his job requirements, was in fact pretextual and that the reasons for his discharge were in fact a pretext for race discrimination. See Sharkey v. Lasmo, 214 F.3d 371, 374 (2d Cir. 2000) (the court should only instruct the jury that the plaintiff bears the burden of proving that the defendant was motivated by prohibited by discrimination – without reference to the

6

successive burden-shifting tests that the parties have been required to pass as set forth in <u>McDonnell Douglas Corp. v. Green,</u> 411 U.S. 792 (1973)). The <u>jury</u> was permitted to agree with the testimony of the plaintiff's supervisor and not the plaintiff, and determine that the defendant believed that the plaintiff was not able to perform the essential functions of his position. Further, plaintiff's reliance on the testimony of his two co-workers that he was satisfactorily performing his job was misplaced, as these individuals have no firsthand knowledge of plaintiff's performance. See FRE 602. Since the weight of the evidence supports the jury verdict, this Court should deny the plaintiff's motion for a new trial. See <u>Bartniak,</u> 223 F. Supp.2d 524; <u>Broadnax,</u> 2004 WL 491069.

### III. The Plaintiff's Motion For A New Trial Should Be Denied To The Extent It Is Brought Pursuant To Fed. R. Civ. P. 60

Relief from a judgment pursuant to Rule 60(b) is permitted where the adverse party's conduct prevented the moving party from fully and fairly presenting its case during trial. See <u>Tiller v. Baghadady,</u> 294 F.3d 277, 280-83 (1st Cir. 2002); <u>De Saracho v. Custom Food Mach., Inc.,</u> 206 F.3d 874, 880 (9th Cir. 2000). A party's entitlement to relief must be proven by clear and convincing evidence. See <u>Waddell v. Hendry County Sheriff's Office,</u> 329 F.3d 1300, 1309 (11th Cir. 2003).

In this case, the plaintiff's contention that the jury verdict should be set aside because the defendants' counsel improperly questioned the plaintiff about his retaliation claim is specious. Prior to trial, the defendants moved for a motion *in limine* seeking to

preclude the plaintiff from offering allegations of retaliation during trial, since these allegations had already been dismissed by this Court on summary judgment. During the plaintiff's cross-examination, the defendants' counsel attempted to impeach the plaintiff by revealing that at his deposition, he did not testify that he believed that he was terminated because of his race, but rather, that he was terminated in retaliation for bringing a previous lawsuit. Since this information was probative to demonstrate that the plaintiff did not even believe at the time of his deposition that he was terminated because of his race, it was a proper area of examination. See FRE 401 and 402.

Further, the defendant was prepared to provide an offer of proof as to the admissibility of this evidence in the event the plaintiff objected to the questioning; however, the plaintiff neither objected nor requested a limiting instruction. The failure of the plaintiff to contemporaneously object to this line of questioning is evidence that he was not prevented from presenting his case by clear and convincing evidence. Because the plaintiff failed to raise any FRE 403 argument at trial, his argument is waived. As such, his motion should be denied. See FRE 103; FRE 105; U.S. v. Amato, 2002 WL 360735 (2d Cir. 2002) (Exh. 5); United States v. Medley, 2004 WL 1812682 (W.D.N.Y. 2004) (Exh. 6).

### IV. Conclusion

For the reasons set forth above, the defendants, Town of Westport and Stephen Edwards, respectfully request that the plaintiff's motion to set aside the jury verdict be denied.

DEFENDANTS,
TOWN OF WESTPORT AND
STEPHEN EDWARDS

By  /s/ Michael J. Rose
    Michael J. Rose [ct14803]
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    Phone:  (860) 249-1361
    Fax:  (860) 249-7665
    E-Mail:  mrose@hl-law.com

## CERTIFICATION

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 6th day of December, 2004.

Ikechukwu Umeugo, Esquire
Umeugo & Associates, P.C.
620 Boston Post Road
PO Box 26373
West Haven, CT  06516

                                      /s/ Michael J. Rose
                                      Michael J. Rose