Westlaw.

Not Reported in F.Supp.2d
2004 WL 491069 (D.Conn.)
**(Cite as: 2004 WL 491069 (D.Conn.))**

Page 1

H
Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.

Sheryl P. BROADNAX, Plaintiff,
v.
CITY OF NEW HAVEN, Defendant

No. 3:98CV807(WWE), 3:02CV123(WWE).

March 2, 2004.

Dawne Westbrook, Middletown, CT, John R. Williams, Katrena K. Engstrom, Norman A. Pattis, Williams & Pattis, New Haven, CT, for Plaintiff.

Audrey Claire Kramer, Martin S. Echter, Thomas W. Ude, Jr., Office Of Corporation Counsel, New Haven, CT, Kenneth J. Mastroni, Law Offices of Cynthia Jaworski, Rocky Hill, CT, for Defendant.

*RULING ON DEFENDANT'S MOTION FOR JUDGMENT ON THE LAW OR FOR A NEW TRIAL*

EGINTON, Senior J.

*1 This matter came to trial before a jury in this Court on September 22, 2003. After deliberation, the jury returned a verdict on October 3, 2003, in favor of plaintiff Sheryl Broadnax in the amount of $1,446,772.00.

Pending before the Court is the renewal, post-trial, of defendant's motion for judgment on the law, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P"). In the alternative, the defendant moves for a new trial pursuant to Rules 50(c) and 59(a) and (b) of the Federal Rules.

For the reasons set forth below, the defendant's motion for judgment on the law will be denied, and the verdict of the jury will stand. The motion for a new trial will also be denied.

*FACTS*

This action was commenced to redress alleged discrimination in public employment on the basis of gender and race, pursuant to Title VII of the Civil Rights Act of 1964, the Connecticut Fair Employment Practices Act, and Sections 1981, 1983, 1985 and 1988 of Title 42 of the United States Code. At the time this action was commenced, plaintiff Sheryl Broadnax, an African-American woman, was the highest-ranking female officer in the New Haven Fire Department, holding the rank of lieutenant but occupying the post of drillmaster, which is the equivalent of the rank of battalion chief. Plaintiff alleged that for many years she had been the victim of gender discrimination within the department.

While the original case for discrimination and retaliation was wending its way through the court system, Broadnax was terminated from her employment by the defendant, resulting in the commencement of the second action. Broadnax was later reinstated in her job, with the assistance of her union. Broadnax subsequently entered into early retirement from the City of New Haven Fire Department.

*DISCUSSION*

*MOTION FOR JUDGMENT AS A MATTER OF LAW*

Rule 50(b) of the Federal Rules of Civil Procedure states in pertinent part that "[i]f, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2004 WL 491069 (D.Conn.)  
**(Cite as: 2004 WL 491069 (D.Conn.))**

Page 2

judgment--and may alternatively request a new trial or join a motion for a new trial under Rule 59." If a verdict is returned in the case, the court may (a) allow the judgment to stand; (b) order a new trial; or (c) direct entry of judgment as a matter of law.

"The standard for granting a motion for judgment as a matter of law is appropriately strict. In order to grant such a motion the Court cannot consider the credibility of the witnesses or the weight of the evidence but rather must determine whether, viewing the evidence in the light most favorable to the non-moving party, the verdict was one that reasonable persons could not have reached. In considering a Rule 50 motion, the District Court is required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in her favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." Only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or where there is such an overwhelming amount of evidence in favor of the movant that a reasonable and fair minded jury could not arrive at a verdict as it did may the Court properly grant the motion. *Newtown v. Shell Oil Co.,* 2000 WL 49357 *2 (D.Conn.2000).

*2 As an initial matter, the Court concurs with the plaintiff that the defendant's motion for judgment as a matter of law, or in the alternative, for a new trial, was not timely filed with the Court within the ten-day requirement of the Federal Rules, and for that reason alone, the motion could be denied. However, in the interest of justice, the Court will consider the defendant's motions.

The defendant attempts to base its argument for judgment as a matter of law on issues that were either raised in pre-trial motions, at trial, or both. The Court will not allow the defendant to re-try this action in its post-trial briefs. The defendant is reminded that "courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Tennant v. Peoria & Pekin Union R. Co.,* 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520 (1994) quoted in *Sentilles v. Inter-Caribbean Shipping Corp.,* 361 U.S. 107, 110, 80 S.Ct. 173, 4 L.Ed.2d 142 (1959). *See Saloomey v. Jeppeson & Co.,* 707 F.2d 671, 677 (2d Cir.1983). The Court does not find that the defendant has shown overwhelming evidence in its favor sufficient to set aside the jury's verdict.

The defendant opines that the damages award was excessive as a matter of law, and that the defense is entitled to a remittitur. The Court concurs with plaintiff's counsel that the issue of remittitur is not briefed, save for the heading, and the Court will not address this issue except to concur with the plaintiff that the sums returned by the jury are reasonable and consistent with the evidence, and reflect calm deliberation by the jury.

The defendant also alleges that the failure of the Court to uphold defense counsel's objections and give corrective instructions throughout the course of the trial was prejudicial error. The Court directs defense counsel's attention to the trial transcript, which reveals the enormous patience the Court displayed regarding the conduct of the attorneys in this case. Time and again the Court instructed the jury to disregard the comments and statements of the attorneys, for those utterances were not evidence in the case. Plaintiff's counsel and defense counsel both walked a fine line on behavior in the courtroom. However, defense counsel was the only counsel to be sanctioned by the Court. The Court will let the jury verdict stand.

*MOTION FOR NEW TRIAL*

The defendant has moved, in the alternative, for a new trial pursuant to Fed.R.Civ.P. Rule 59(a) and (b), and Rule 50(c). Because the Court will not grant the motion for judgment as a matter of law, Rule 50(c) need not be considered.

The Supreme Court has long held that "a litigant is entitled to a fair trial, not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1953). Rule 59(a) of the Federal Rules provides, in pertinent part, that "[a] new trial may be granted ... for any of the reasons for which new trials have heretofore been granted in actions at law

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 491069 (D.Conn.)
**(Cite as: 2004 WL 491069 (D.Conn.))**

Page 3

in the courts of the United States." A motion for a new trial should be granted when the trial court concludes that the jury has reached a seriously erroneous result, or that the verdict is a miscarriage of justice. Consequently, a new trial may be granted when the jury's verdict is against the weight of the evidence. The standards governing a district court's consideration of a Rule 59 motion for a new trial on the grounds that the verdict was against the weight of the evidence differs in two significant ways from the standards governing a Rule 50 motion for judgment as a matter of law. First, unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. Second, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner. A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is "egregious." *Safir v. Jowett,* 214 F.Supp.2d 226, 244 (D.Conn.2002).

*3 In the present case, the parties received a fair trial, if not a perfect one. The Court does not view the jury verdict as egregious, and will not disturb the jury's verdict.

*CONCLUSION*

For the reasons set forth above, the defendant's motion for judgment on the law, or in the alternative, for a new trial (Doc.# 85), is DENIED.

SO ORDERED this 2nd day of March, 2004, at Bridgeport, Connecticut.

2004 WL 491069 (D.Conn.)

Motions, Pleadings and Filings (Back to top)

• 3:02CV00123  (Docket)
                                (Jan. 22, 2002)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.