

182 F.3d 902 (Table)
182 F.3d 902 (Table), 1999 WL 475551 (2nd Cir.(N.Y.))
**Unpublished Disposition**
**(Cite as: 182 F.3d 902, 1999 WL 475551 (2nd Cir.(N.Y.)))**

Page 1

**H**
Briefs and Other Related Documents

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA2 s 0.23 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Second Circuit.

Willie WALKER, Plaintiff-Appellant,
v.
COLUMBIA UNIVERSITY, Defendant-Appellee.

No. 98-9333.

June 30, 1999.

Appeal from the United States District Court for the Southern District of New York (Knapp, J.).

Michael Shen, Esq., Shneyer & Shen, P.C., New York, New York, for Appellant.

Laura D. Barbieri, Esq., Schoeman, Marsh & Updike, LLP, New York, New York, for Appellee.

Before OAKES, and WALKER, C.J., and KORMAN, [FN*] D.J.

  FN* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**\*\*1** UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Willie Walker appeals from the September 1, 1998 judgment dismissing his action for race discrimination pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000a *et seq.,* and the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* The New York civil rights claims were tried before a jury, and the Title VII claims were tried before Judge Knapp.

On appeal, Walker claims that (1) the district court's evidentiary rulings amounted to reversible error; (2) the jury verdict is manifestly unjust and against the weight of the evidence; (3) the district court erred in summarily dismissing the Title VII claims following the jury verdict; and (4) the district court was biased. We disagree.

We review the district court's evidentiary rulings for abuse of discretion. *See Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 150 (2d Cir.1997). The district court excluded as irrelevant testimony of racial slurs and comments not made in reference to or in the presence of Walker. While the district court employed an incorrect relevancy standard, *see Schwapp v. Town of Avon,* 118 F.2d 106, 111 (2d Cir.1997), the error was harmless. The record shows that Walker had not become aware of the racial comments he sought to elicit during the time of his employment with Columbia University, which renders them irrelevant to his hostile work environment claim. *See id.* (racially derogatory comments made outside plaintiff's presence relevant only if work environment impacted by plaintiff learning of the comment second-hand); *see also Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21-22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) ("if the victim does not subjectively perceive the environment to be abusive ... there is no Title VII violation").

Furthermore, even if Walker should have learned of the comments prior to the termination of his employment, the record shows that the comments Walker sought to elicit would not amount to a

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

182 F.3d 902 (Table)  
182 F.3d 902 (Table), 1999 WL 475551 (2nd Cir.(N.Y.))  
**Unpublished Disposition**  
**(Cite as: 182 F.3d 902, 1999 WL 475551 (2nd Cir.(N.Y.)))**

Page 2

"steady barrage of opprobrious racial comments," *Schwapp,* 118 F.3d at 110 (quotation marks and citation omitted), where "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," *Harris,* 510 U.S. at 21 (internal citations and quotation marks omitted). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive-is beyond Title VII's purview." *Id.* In light of this stringent standard, the comments would be insufficient as a matter of law to support a hostile work environment claim. It was therefore within the district court's discretion to exclude the few isolated remarks as irrelevant to the proceedings. We have carefully considered the remaining challenges to the district court's evidentiary rulings, and conclude that they do not constitute an abuse of discretion either individually or taken as a whole.

**\*\*2** Walker failed to make a motion for judgment as a matter of law "before submission of the case to the jury," Fed.R.Civ.P. 50(a)(2), and his Fed.R.Civ.P. 50(b) motion for a judgment as a matter of law was therefore not properly made. Except as necessary to prevent manifest injustice, "[i]t is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 164 (2d Cir.1998). The jury could easily have accepted defendant's nondiscriminatory reasons for Walker's termination, working conditions and pay levels. Letting the jury verdict stand will therefore not result in manifest injustice. Consequently both this court and the district court are bound to uphold the jury's verdict. *See id.*

The elements of discrimination claims under the New York State Human Rights Law and Title VII are "virtually identical." *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 479, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

In light of New York's wholesale adoption of federal standards in discrimination cases under Executive Law § 296 claims, ... a district court sitting at equity in a Title VII action must resolve the Title VII claims in accordance with the jury's determination on the Executive Law § 296 claim. *Song v. Ives Labs., Inc.,* 957 F.2d 1041, 1048 (2d Cir.1992). The jury found that (1) Walker was not terminated on the basis of his race; (2) Walker's compensation was not less than it would have been had he been white; and (3) the terms and conditions of Walker's employment were not substantially inferior to what they would have been had he been white. Under those circumstances the district court had to dismiss Walker's Title VII claims.

We have considered Walker's remaining claims and arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**. Judge Oakes concurs in the result only.

182 F.3d 902 (Table), 1999 WL 475551 (2nd Cir.(N.Y.)), Unpublished Disposition

Briefs and Other Related Documents (Back to top)

• 1999 WL 33629740 (Appellate Brief) Plaintiff/Appellant Reply Brief (Feb. 08, 1999)Original Image of this Document (PDF)

• 1999 WL 33629739 (Appellate Brief) Brief for Defendant-Appellee Columbia University (Jan. 25, 1999)Original Image of this Document (PDF)

• 1998 WL 34088458 (Appellate Brief) Brief of Plaintiff/Appellant Willie Walker (Dec. 10, 1998)Original Image of this Document (PDF)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.