2004 WL 1812682 (W.D.N.Y.)
Only the Westlaw citation is currently available.

United States District Court,
W.D. New York.
THE UNITED STATES OF AMERICA
v.
Joseph MEDLEY a/k/a "Joey", Defendant.
No. 00-CR-173E.
May 12, 2004.

Alan D. Goldstein, Alan D. Goldstein, Esq. & Associates, Buffalo, NY, for Defendant.
Joseph J. Karaszewski, U.S. Attorney's Office, Buffalo, NY, for Plaintiff.

MEMORANDUM and ORDER [FN1]

> FN1. This decision may be cited in whole or in any part.

ELFVIN, J.
*1 On October 29, 2001, defendant Medley was found guilty by a jury of Counts 1, 4, and 6 of the indictment and not guilty of Count 8 ("the Verdict"). [FN2] On February 11, 2004, Medley filed a motion to set aside the Verdict and objected to the Probation Department's Pre-Sentence Investigation Report ("the PSI Report"). [FN3] The government filed opposition papers on March 26, 2004. Medley's motion/objection was argued and submitted on April 16, 2004. For the reasons set forth below, Medley's motion will be denied and his objection will be overruled.

> FN2. Medley was found guilty of (1) conspiracy to possess cocaine with the intent to distribute such and (2) two counts of using a telephone to facilitate the distribution of cocaine. He was found not guilty as to a third count of using a telephone to facilitate the distribution of cocaine.

> FN3. Inasmuch as the government did not raise the issue, this Court assumes *arguendo* that Medley's motion is timely under Rule 29(c)(1) of the Federal Rules of Criminal Procedure ("FRCrP").

An October 8, 1999 search of 462 Sixth Street in Niagara Falls, N.Y. ("the Search") resulted in the seizure of 3.12 ounces of cocaine and $11,000 ("the Contraband") and Medley's arrest. Although Medley was acquitted of narcotics violations in Niagara County Court, he was subsequently convicted in federal court of drug-related charges on October 29, 2001.
Medley seeks to setaside the Verdict on two grounds. First, he argues that admission of evidence of the Search and the Contraband in his federal prosecution violated the Double Jeopardy Clause of the Fifth Amendment because he had been previously acquitted in state court. Charges in the state and federal prosecutions both stemmed from the Contraband. Second, Medley further argues that the Verdict should be set aside because evidence of the Search and the Contraband should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 of the Federal Rules of Evidence ("FRE"). Finally, Medley's motion also objected to the PSI Report on the ground that it incorporates the Contraband. Inasmuch as the Court will largely adopt the government's points in opposition, such are not repeated herein. [FN4]

> FN4. The Court, however, will not address the government's argument that Medley's motion is an improper invocation of FRCrP 29(c).

Medley's double jeopardy argument is without merit because, as the Court of Appeals has noted "According to the principle of dual sovereignty, a defendant in a criminal case may be prosecuted by more than one sovereign without violating principles of double jeopardy. The doctrine is founded on the common law conception of crime as an offense against the sovereignty of the government and allows that a defendant's single act may break the laws of two sovereigns and constitute two offenses. The crucial determination for application of the dual sovereignty doctrine is whether the two entities that seek successively to prosecute a defendant for the same course of conduct can be termed separate sovereigns. On this point, it is well established that the federal government may prosecute a defendant following a state prosecution arising out of the same events. * * * Sewell's double jeopardy challenge is with out merit because his successive prosecutions involved separate sovereigns--New York State and the United States. It is immaterial that the proceedings stemmed from the same events and that the state prosecution ended in acquittal while the federal prosecution ended in conviction." United States v. Sewell, 252 F.3d 647, 651 (2d Cir.2001) (citations and internal quotation marks omitted).

*2 Medley's double jeopardy challenge must likewise fail because it is immaterial that he was acquitted in state court and subsequently convicted in federal court. [FN5] The cases cited by Medley are inapplicable because they involve successive prosecutions by the same sovereign.

> FN5. See also United States v. Coonan, 938 F.2d 1553, 1562-1563
>
> (2d Cir.1991) (discussing the dual sovereignty doctrine and noting that it "essentially recognizes that 'prosecutions under the laws of separate sovereigns do not, in the language of the Fifth Amendment, subject [the defendant] for the same offence [sic] to be twice put in jeopardy' ") (quoting United States v. Wheeler, 435 U.S. 313, 317, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978)).

With respect to Medley's FRE 403 argument, such must be rejected because this evidentiary objection was not made at trial--and it has thus been waived. Indeed, **FRE 103**(a)(1) provides in relevant part that
"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(1) Objection.--In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record * * *."
Accordingly, Medley waived his FRE 403 argument by failing to raise such at trial when Detective Olander testified as to the Search and the Contraband. [FN6] This Court need not address the government's argument concerning the merits of Medley's FRE 403 argument because this Court finds no plain error in admitting the testimony of Detective Olander. [FN7]

> FN6. United States v. Amato, 2002 WL 360735, at *1 (2d
>
> Cir.2002) ( "Because the defendants did not **object** to Tabbita's testimony as unduly prejudicial or irrelevant during trial, they waived the arguments they now raise under Rules 401 and 403."); Mem'l Drive Consultants v. ONY, Inc., 2001 WL 241781, at *6 (W.D.N.Y.2001) ("Pursuant to Rule 103 of the Federal Rules of Evidence, the party seeking a new trial must have made a timely objection or offer of proof to preserve the evidentiary issue for review."), aff'd, 2002 WL 226860, at *4 (2d Cir.2002).

> FN7. De Campoamor v. Horodecki, 1997 WL 383550, at *2 (2d Cir.1997) (noting that, under **FRE 103**, if "a timely objection is not made, notice may only be taken of 'plain errors affecting substantial rights' ").

Finally, this Court rejects Medley's argument regarding the PSI Report. First, Medley cites no authority supporting his argument. Second, inasmuch as Medley **objects** to the fact that the PSI Report referred to the Contraband, his objection must be rejected for the same reasons that his double jeopardy argument was rejected. [FN8] Accordingly, Medley's objection to the PSI Report will be overruled.

> FN8. United States v. Haseley, 2003 WL 21401293, at *3 (2d Cir.2003) ("[T]he application of the [sentencing] enhancement does not violate the Double Jeopardy Clause because successive prosecutions by state and federal governments may impose punishment for the same conduct."); Elcock v. United States, 80 F.Supp.2d 70, 86 (E.D.N.Y.2000) ("[I]t is well-settled that an enhancement based on evidence of relevant conduct does not constitute punishment for that conduct for double jeopardy purposes."); cf. United States v. Birbal, 62 F.3d 456, 465 (2d Cir.1995) (noting that Witte v. United States, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) "held that it does not violate the Double Jeopardy Clause to prosecute a defendant for activity that has been previously considered by a sentencing court as relevant conduct").

Accordingly, it is hereby ORDERED that Medley's motion to set aside the Verdict is denied, that his objection to the Pre-Sentence Investigation Report is overruled and that he shall appear for sentencing before Part III of this Court on June 18, 2004 at 1:00 p.m. (or as soon thereafter as the matter may be heard).
W.D.N.Y.,2004.
U.S. v. Medley
2004 WL 1812682 (W.D.N.Y.)
END OF DOCUMENT

Copr. (C) 2004 West. No Claim to Orig. U.S. Govt. Works.



Print Doc    ◀ Term ▶ Doc 1 of 3 ▶    Tools