UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT E. MARTIN, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil No. 3:02cv1395 (MRK) |
| | : |
| TOWN OF WESTPORT AND | : |
| STEPHEN EDWARDS, | : |
| | : |
| Defendants | : |

## RULING AND ORDER

On November 17, 2004, after a two-day trial, the jury in this case returned a verdict [doc. # 57] in favor of Defendant Town of Westport (the "Town") and against Plaintiff Robert Martin. The Court entered Judgment [doc. # 59] on the verdict on November 18, 2004. Currently pending before the Court is Mr. Martin's Motion to Set Aside Jury Verdict and Judgment [**doc. #61**]. For the reasons stated below, the Court DENIES Mr. Martin's Motion.

As a preliminary matter and as the Town points out in its opposition brief [doc. #62], the Court notes that Mr. Martin has failed to specify which of the *Federal Rules of Civil Procedure* he relies on in moving to set aside the jury's verdict. Of his potential options, a motion for a judgment as a matter of law under Rule 50 is clearly barred because Mr. Martin failed to move for judgment as a matter of law before the Court submitted the case to the jury. *See, e.g.*, *Holmes v. United States*, 85 F.3d 956, 962 (2d Cir. 1996) ("[t]ogether, Rules 50(a) and (b) limit the grounds for judgment n.o.v. to those specifically raised in the prior motion for a direct[ed] verdict."). Notwithstanding this failure, Mr. Martin may still move for a new trial under Rules 59(a) and/or 60(b), and the Court construes Mr. Martin's motion to raise arguments under both of

these rules. However, none of Mr. Martin's arguments persuades this Court to set aside the jury's verdict in favor of the Town.

Mr. Martin appears to move for a new trial pursuant to Rule 59(a) on the ground that the jury's verdict was against the weight of the evidence presented at trial. "In ruling on a Rule 59 motion, a court makes the same type of inquiry as on a motion for judgment as a matter of law, but imposes a less stringent standard." *Palma v. Pharmedica Communications, Inc.*, No. 3:00CV1128 (HBF), 2003 WL 22750547, at *14 (D. Conn. Sept. 30, 2003) (citing *Katara* v. *D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970 (2d Cir. 1987); *Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 132 (2d Cir. 1986)). "A trial court should grant a new trial motion if it is convinced that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998); *Katara*, 835 F.2d at 970.

Mr. Martin has failed to carry his burden of demonstrating that the jury's verdict in favor of the Town was either erroneous or a miscarriage of justice. As this Court noted in its ruling denying the Town's motion for summary judgment, Mr. Martin's case against the Town was "thin" at the summary judgment stage. *See* Mem. of Decision [doc. # 35] at 10. Mr. Martin's case at trial was thinner still; in fact, so thin as to be virtually nonexistent, which undoubtedly explains why it took the jury only a brief period of time to return with its verdict. Other than Mr. Martin's own testimony, which the jury was certainly entitled to disbelieve, Mr. Martin presented little evidence in support of his claims. In particular, Mr. Martin failed to produce much of the evidence of more favorable treatment accorded to similarly situated individuals that he relied upon to escape judgment at the summary judgment stage. *See id.* at 10-12.

As a consequence, the jury, in its verdict, found that Mr. Martin had failed to prove: (1) that the Town took any adverse action against him; (2) that Mr. Martin's race was a substantial or motivating factor in the Town's actions or conduct; *and* (3) that the Town's actions or conduct proximately caused any injuries sustained by Mr. Martin. There was ample evidence to support each of the jury's findings. In particular, the Town produced testimony and evidence, which the jury was free to credit, that Mr. Martin was excluded from the Town's facilities on May 1, 2001 because he was unable to perform his job functions and had failed to provide Town, as it had requested, with a physician's authorization allowing him to return to work full-time without restrictions. Accordingly, the Court finds absolutely no basis for setting aside the jury's verdict as against the weight of the evidence.

Mr. Martin also appears to advance an argument pursuant to Rule 60(b) that the Town's counsel improperly prevented him from fully and fairly presenting his case at trial. This argument is based on Mr. Martin's assertion that defense counsel "in appropriately [sic] questioned the plaintiff Mr. Martin on the witness stand on his past cases filed against the Town of Westport" despite the fact that the Town had already prevailed on a motion in limine to preclude the admission of evidence of Mr. Martin's past lawsuits. Mot. Set Aside at 2 [doc. #61]. *See also* Fed. R. Civ. P. 60(b) ("the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) . . . (3) fraud . . . , misrepresentation, or other misconduct of an adverse party. . ."). The Second Circuit has indicated "that since 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.' " *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir. 1994) (citations omitted).

At trial, the Town elicited testimony from Mr. Martin on cross-examination that even though he was now claiming that the Town's actions were based on his race, he had previously testified at his deposition that the Town had taken adverse action against him because of his past history of litigation with the Town. Mr. Martin's counsel chose not to object to the Town's line of questioning during the trial, and in fact, he made no comment whatsoever about the issue of past lawsuits until an on-the-record charge conference, long after Mr. Martin had left the stand. At the charge conference, Mr. Martin's counsel argued only that the Town's reference to Mr. Martin's prior lawsuits should allow him to mention Mr. Martin's retaliation claim, which this Court had dismissed in its summary judgment ruling. *See* Mem. of Decision [doc. #35], at 14-15.

Despite the late objection, the Court allowed Mr. Martin's counsel to suggest a curative jury instruction that the Court could insert into the jury charge, and in fact, the Court inserted the following sentences in the jury charge at the request of Mr. Martin's counsel:

> Please be aware that parties in litigation are entitled to assert alternative, and even inconsistent, theories of liability. Mr. Martin need not prove that his race was the only motivating factor for the Town's actions, but only that his race was a substantial or motivating factor in accordance with the instructions that I have previously given you.

Jury Instructions, Court Ex. 3 at 20. Mr. Martin's counsel represented to the Court that he was satisfied with the curative instruction, which resolved his concerns, and that he had nothing further to add. Therefore, the Court deems Mr. Martin to have waived any further objections to the Town's line of questioning regarding prior lawsuits by Mr. Martin. *See, e.g., Lemus v. Artuz*, 131 F. Supp. 2d 532, 536 (S.D.N.Y. 2001) (failure to object to counsel's comments during trial "not only constitutes waiver for most purposes," but it also "evidences how immaterial

[opposing] counsel actually perceived most of the allegedly improper comments to be at the time they were actually uttered.").

Accordingly, the Court DENIES Plaintiff's Motion to Set Aside Jury Verdict and Judgment [**doc. #61**]. **The Clerk is directed to close the file**.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at: New Haven, Connecticut on: **January 4, 2005.**